IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE BAKER, | : | 4:14-CV-00076 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| COUNTY OF | : | |
| NORTHUMBERLAND, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
October 29, 2014

Defendant, the County of Northumberland, filed a Motion to Dismiss

Plaintiff's Complaint for failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's Complaint, filed

January 16, 2014, seeks redress for Defendant's alleged acts of sexual

discrimination and retaliation, in violation of Title VII, 42 U.S.C. § 2000e, *et seq*

(hereinafter "Title VII"), and the Pennsylvania Human Relations Act (hereinafter

the "PHRA"), 43 P.S. § 953.  For the reasons discussed, Defendant's Motion to

Dismiss is granted in part and denied in part.  Moreover, for the sake of clarity,

Plaintiff is directed to amend her Complaint to allege sexual discrimination under

Count III, rather than retaliation.

**I. BACKGROUND:**

1

On January 16, 2014, Plaintiff Nicole Baker initiated the above-captioned civil action by filing a Complaint with this Court alleging that she was unlawfully discriminated against because of her gender and that she was unlawfully retaliated against for filing a complaint with the Pennsylvania Human Relations Commission (hereinafter the "PHRC") and the Equal Employment Opportunity Commission (hereinafter the "EEOC"). (ECF No. 1).

Plaintiff, a female, was employed by Defendant in the Northumberland County Sheriff's Office as a deputy sheriff from March 2010 until her position was eliminated on April 23, 2012.  She alleges that during her time as a deputy sheriff she was subjected to various instances of workplace discrimination and disparate treatment based on her gender.  She alleges, for example, that she was not permitted to call off work during her probationary period, when at least one other male deputy was permitted to do so, that she was written up for punching in a few minutes late while other male employees did not receive such discipline for similar conduct, that Defendant would make rules after Plaintiff would perform a task the way the other deputies would perform the task, and that she was the only deputy not assigned to courtroom work for a 2010 murder trial.  Furthermore, Plaintiff alleges that Defendant did not take reports from Plaintiff seriously, such as when she found a high dosage narcotic pill on a fellow deputy's desk and when another

male deputy physically removed Plaintiff's hands from an individual she was trying to restrain.  Finally, Plaintiff alleges that the male employees did not speak to her for two consecutive weeks in February 2012.

On April 23, 2012, Plaintiff was informed that the Northumberland County commissioners eliminated one deputy sheriff position; the position terminated was hers, despite the fact that there were three less senior male deputies who retained their positions.  Plaintiff was not informed why they cut her position over that of any other deputy.

Following her termination, on October 19, 2012, Plaintiff filed a complaint with the PHRC, which was cross filed with the EEOC.  This complaint was served on Defendant on January 16, 2013.  On February 15, 2013, a male deputy sheriff, Daniel Zettlemoyer, resigned from his employment with Defendant and on February 19, 2013, Defendant hired another male, James Souder, to fill the open position.  At no time did Defendant make an effort to recall Plaintiff to fill the open deputy position.  Defendant further failed to reply to Plaintiff's request for an explanation as to why she was not recalled from her layoff status for the open position.

In her Complaint, Plaintiff asserts three claims against Defendant.  Count I is a claim of sexual discrimination in violation of Title VII and the PHRA for

Defendant's actions in terminating Plaintiff's position over that of any other deputies; Count II is a claim of retaliation in violation of Title VII and the PHRA for failing to rehire Plaintiff when a position opened because of her PHRC and EEOC activity; and Count III is a sexual discrimination claim[1] in violation of Title VII and the PHRA for their actions in failing to rehire Plaintiff when the position opened.

On March 19, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6). (ECF No. 7).  Defendant first argues that Plaintiff's request for punitive damages must be dismissed because punitive damages are not available to a Plaintiff in an action against a municipal defendant under both Title VII and the PHRA. Defendant next argues that Counts I, II, and III should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  This matter is now ripe for disposition.

---

[1] Count III of Plaintiff's Complaint is labeled as a claim for retaliation, although the text of the count makes clear that Plaintiff is really alleging a claim for sexual discrimination. Moreover, Plaintiff admits in her Brief in Opposition to Defendant's Motion to Dismiss that Count III was mislabeled a retaliation claim, and was intended to set forth a claim based on sexual discrimination.

## II. DISCUSSION:

### A. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 561 (2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 554 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3.   Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

## B. Availability of Punitive Damages

Defendant first requests that the Court dismiss Plaintiff's demand for punitive damages, arguing that punitive damages are not available under Title VII or the PHRA as against municipal defendants. Plaintiff agrees with this proposition and concurs in the dismissal of her request for punitive damages.

Defendant is correct in asserting that a Court may not reward punitive damages against a municipal defendant under Title VII. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision). . .); *see also Evans v. Port Authority of N.Y. and N.J.*, 273

F.3d 346, 356-57 (3d Cir. 2001) (punitive damages are unavailable in Title VII suits against municipalities or quasi-governmental agencies).

Punitive damages are similarly not available under the PHRA. *See Hoy v. Angelone*, 720 A.2d 745, 749 (Pa. 1998) ("While punitive damages also serve to deter, simply put, we do not consider punitive damages to be consistent with the remedial nature of the Act.  We believe that when interpreted in the context of contemplated affirmative action, the phrase 'any other legal or equitable relief' does not include punitive damages."); *see also Glickstein v. Neshaminy School Dis.*, No. 96-6236, 1999 WL 58578, at *20 (E.D.Pa. Jan. 26, 1999) (applying *Hoy* in a federal forum).  As such, because the Defendant in this action is a municipal defendant, punitive damages are not available and all requests for punitive damages in Plaintiff's Complaint are dismissed.

## C. Count I Sexual Discrimination

Defendant next alleges that Count I of Plaintiff's Complaint should be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Defendant appears to argue that Plaintiff has failed to assert a claim for sexual discrimination because she has not adequately pled an adverse employment action and because she has failed to plead any information in her Complaint which would tend to demonstrate an inference of

8

gender discrimination.  Moreover, Defendant argues that Plaintiff's Complaint is merely a formulaic recitation of the elements of a cause of action, which is insufficient to survive a motion to dismiss.

Under Title VII, "[i]t shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2.  To establish a prima facie case of sexual discrimination under Title VII, a plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).  The elements of a sex discrimination claim under the PHRA are analogous to those under Title VII. *See Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000) ("The analysis required for adjudicating Goosby's claim under PHRA is identical to a Title VII inquiry.").

In the case at bar, Plaintiff has pled a plausible claim under both Title VII and the PHRA.  She has alleged that she is a female, a member of a protected class.

9

Additionally, she has indirectly but adequately argued that she is qualified for the position from which she was terminated.   Plaintiff's Complaint explicitly alleges that "[p]rior to [her] termination, she fully and competently performed the duties of her job."   Additionally, she alleges that she worked for Defendant for over two years, allowing the Court to infer that she was qualified to perform her job for the purposes of deciding the present Motion to Dismiss. *See Bellamy v. Waterfront Square Condominiums*, No. 12-6618, 2013 WL 607848, at * 3 n.2 (E.D.Pa. Feb. 19, 2013).

Furthermore, the Plaintiff has adequately alleged that she has suffered an adverse employment action.   Regardless of whether her allegations of disparate treatment are sufficient to satisfy the third prong of the inquiry, Plaintiff has pled that her position was terminated as a result of Defendant's discrimination, and it is well-settled that termination constitutes an adverse employment action for the purposes of Title VII. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013).   Finally, Plaintiff has alleged more than enough facts from which the Court can infer intentional discrimination on the part of Defendant, including previous disparate treatment by the Defendant which the Plaintiff alleges was motivated by her gender, as well as the termination of her position despite the existence of three less senior deputy positions filled by males.   Therefore, Plaintiff

10

has sufficiently and plausibly pled a cause of action in Count I for sexual discrimination under both Title VII and the PHRA.

**D. Count II Retaliation**

Defendant next alleges that Plaintiff's claim for retaliation should be dismissed because Plaintiff has failed to plead any facts which would demonstrate the required causal connection between her alleged protected activity and the adverse employment action.

Section 704(a) of Title VII forbids an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation . . . under this subchapter." 42 U.S.C. § 2000e-3(a).  Similarly, under the PHRA it is unlawful for an employer "to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge . . . under this act." 43 Pa.S. § 955(d).

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that (1) she was engaged in protected activity; (2) she suffered an adverse employment action subsequent to or contemporaneously with

such activity; and (3) there is a causal link between the protected activity and the adverse activity. *See Woodson v. Scott Paper Co.*, 109 F.3d, 913, 920 (3d Cir. 1997). The elements of a retaliation claim under the PHRA are analogous to those under Title VII. *See Hussein v. UPMC Mercy Hosp.*, 466 Fed.Appx. 108, 111 (3d Cir. 2012).

In the case at bar, Plaintiff has alleged that she filed a complaint with the PHRC and the EEOC, which is protected activity under the afore-mentioned statutes. Further, she has alleged that she suffered an adverse employment action after the filing of her complaint; namely, that Defendant did not recall or rehire her from her layoff status when another deputy sheriff resigned from his position. Finally, she has demonstrated sufficient causal evidence between the filing of her complaint and Defendant's failure to hire her for the open position. Specifically, at this early stage in the litigation, Plaintiff explicitly alleges that the Defendant's failure or refusal to recall or rehire her "for the open Deputy Sheriff's position was retaliation for her previously filed discrimination complaint." This is sufficient to plead to claim for relief that would survive a motion to dismiss. *See Twombly*, 550 U.S. at 554 (explaining that Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on

12

which it rests.'" ).

**E. Count III Sexual Discrimination**

Finally, Defendant alleges that Plaintiff's remaining claim should also be dismissed for failure to state a claim under Rule 12(b)(6).  Though Plaintiff titles Count III as a retaliation claim, she admits that the heading was merely a typographical error and she is actually stating another claim for sexual discrimination based on the failure of the Defendant to rehire her when a deputy sheriff position opened.  Defendant argues that Plaintiff has not pled a claim under Count III because she has failed to plead both that she was qualified for the position as well as the existence of any facts supporting an inference of discrimination.

In order to state a claim for sexual discrimination here under Title VII and the PHRA, Plaintiff must plead the same elements as is required for Count I.  *See infra* Part II.C.  Specifically, Plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *See Makky*, 541 F.3d at 214.

As previously stated, Plaintiff has alleged that she is a female and that she was qualified for the position for which she was not hired, by way of her competency at her previous deputy position and her years of experience in that job. Furthermore, failure to hire constitutes an adverse employment action under controlling law. *See Mandel*, 706 F.3d at 165.  Finally, taken as a whole, Plaintiff's alleged facts are sufficient to support an inference of intentional discrimination, including, as in Count I,  previous disparate treatment by the Defendant which the Plaintiff alleges was motivated by her gender, as well as the termination of her position despite the continued existence of three less senior deputy positions filled by males.  As such, Plaintiff has plausibly pled a claim for sexual discrimination in Count III under both Title VII and the PHRA.  However, for the sake of clarity the Plaintiff is directed to amend the heading of Count III to allege sexual discrimination rather than retaliation.

## III. CONCLUSION:

Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiff's request for punitive damages is dismissed.  Moreover, Plaintiff is directed to amend her Complaint to clarify that Count III is alleging a claim based on gender discrimination, rather than retaliation.  Because this Court is granting Plaintiff leave to amend only to correct this minute typographical error, Defendant

14

is not entitled to renew its motion to dismiss after Plaintiff files her amended

complaint.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge