IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE BAKER, | : | 4:14-CV-00076 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| COUNTY OF NORTHUMBERLAND, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
June 29, 2015

## I. BACKGROUND

On January 16, 2014, Plaintiff Nicole Baker initiated the above-captioned action against Defendant Northumberland County seeking redress for Defendant's alleged acts of sexual discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e, et seq (hereinafter "Title VII"), and the Pennsylvania Human Relations Act (hereinafter the "PHRA"), 43 P.S. § 953.  Plaintiff initially participated in the litigation by responding to Defendant's motion to dismiss and subsequently filing an amended complaint in response to this Court's October 10, 2014 Order.

In July 2014, Defendant served Interrogatories and Requests for Production of Documents upon Plaintiff's counsel.  Though Defendant's contacted Plaintiff's counsel requesting answer to these interrogatories, Plaintiff's responses were never

received. On November 21, 2014, shortly after filing the amended complaint, Plaintiff's counsel sought permission from this Court to withdraw and the Court granted that request. Consequently, in December 2014, Defendant contacted Plaintiff directly regarding her failure to respond to interrogatory requests but continued to receive no response.

On February 4, 2015, Defendant filed a Motion to Compel Plaintiff to provide answers to Defendant's request for interrogatories and production of documents, which this Court granted on March 9, 2015. Plaintiff was given until April 9, 2015 to respond to Defendant's request for interrogatories. However, despite further attempted communication by Defendant, Plaintiff has failed to comply with this Court's Order and has not answered the request for interrogatories sent by Defendant in July 2014. As of this date, no counsel has entered an appearance on Plaintiff's behalf, nor has Plaintiff communicated with the Defendant or this Court in any way. On June 1, 2015, almost two months after this Court ordered Plaintiff to provide her responses, Defendant filed the instant motions for sanctions under Federal Rule of Civil Procedure 37(b).

## II. DISCUSSION

Defendant requests, primarily, dismissal of Plaintiff's complaint with prejudice. In the alternative, it argues that Plaintiff should be precluded from offering into evidence at trial any evidence or documents that were requested by

-
-

Defendant's July 2014 written discovery request and further required to be produced by this Court's March 9, 2015 Order.  Plaintiff has not filed any response to Defendant's motion.

Rule 37(b) provides, in pertinent part, "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include . . . (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b).  Dismissal with prejudice is a harsh sanction to be imposed only in the most extreme cases. *See Harris v. Cuyler*, 664 F.2d 388, 390 (3d Cir. 1981); *see also Jones v. Smith*, 99 F.R.D. 4, 5 (M.D.Pa. 1983) ("[W]e must give full regard for the severity of the sanction, granting dismissal sparingly and only when less drastic alternatives have been explored."). It cannot be imposed as mere punishment, *see id*, nor can an action be dismissed when a party's failure to comply with a discovery order is due to inability and not willfulness, bad faith, or any fault of the party. *See Societe Internationale Pour Participations Industrielles Et Commericaels, S.A.v. Rogers*, 357 U.S. 197, 212 (1958).  Moreover, similar to a dismissal under Rule 41(b), this Court must consider the possibility and wisdom of alternative, less drastic sanctions.  *See DiGregorio v. First Rediscount Corporation*, 506 F.2d 781, 789 (3d Cir. 1974). "However, dismissal is warranted when there is a clear record of delay or contumacious conduct by the plaintiff." *Transportes Aereos de Angola v. Ronair,*

*Inc.*, 104 F.R.D. 482, 507 (D.Del. 1985); *see also Digregorio*, 506 F.2d at 788 ("However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed."). In considering whether dismissal is the appropriate sanction, the court must consider the entire circumstances of the case, including the degree of the plaintiff's personal responsibility for the delay, the amount of prejudice the defendant will suffer as a result of the delay, the extent of Plaintiff's history of proceeding in a dilatory manner, and the effectiveness of less severe sanctions. *See Jones*, 99 F.R.D. at 6.

In this case, Plaintiff has failed to meaningfully participate in the litigation since at least October 2014, when she filed an amended complaint. She has not responded at all to Defendant's July 2014 request for interrogatories and she has ignored all attempts at communication by the Defendant and this Court. Moreover, she has failed to comply with an express Order of this Court, and has enlisted no new counsel to do so on her behalf. It is Plaintiff's responsibility to correspond with the Court and the Defendant and she has failed to discharge that obligation, after knowingly and purposefully initiating the instant lawsuit. Moreover, Defendant will suffer great prejudice based on its failure to conduct any kind of discovery and ultimately prepare for trial. It will continue to be prejudiced as it is

forced to attempt to communicate with the Plaintiff in an effort to resolve the instant matter.

Finally, because of Plaintiff's complete lack of involvement in the litigation, this Court is at a loss as to what alternative sanction would serve to prevent further delay or harassment to the Defendant, or that would persuade the Plaintiff to comply with the rules of this Court. Consequently, dismissal of Plaintiff's complaint under Rule 37(b) is appropriate.

### III. CONCLUSION

In light of the foregoing, Defendant's motion for sanctions is granted and Plaintiff's complaint is dismissed with prejudice.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge